210-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
HYUNDAI MERCHANT MARINE CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HYUNDAI MERCHANT MARINE CO. LTD.

        Plaintiff,

- against -

ARCADIA PETROLEUM LTD.,

        Defendants.
------------------------------------------------------------x

**VERIFIED COMPLAINT**

  Plaintiff, HYUNDAI MERCHANT MARINE CO. LTD. (hereinafter "HYUNDAI"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant ARCADIA PETROLEUM LTD. (hereinafter "ARCADIA"), alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff HYUNDAI was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 66 Jeokseon-dong, Jongno-gu, Seoul, Korea 110-052.

3. At all times relevant hereto, Defendant ARCADIA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Almark House, 28 King Street, 4th Floor, London SW1Y 6AR, United Kingdom.

4. On or about June 3, 2005, Plaintiff HYUNDAI, as owner, and Defendant ARCADIA, as charterer, entered into a maritime contract of charter party on an amended SHELL VOY 5 form for the use and operation of the M/T FAULTLESS for a single voyage from Bashayer, Sudan to the Far East.

5. On or about June 14, 2005, the vessel arrived at Bashayer, Sudan for loading and departed from this port on June 17, 2005.

6. As the load port was declared as an excluded trading area by the War Risk Insurer of the vessel, an additional war risk premium was required to be paid by HYUNDAI in order for the vessel to be covered.

7. HYUNDAI paid $ 23,505.00 for the additional war risk insurance premium to the underwriter and subsequently submitted a statement for this amount to Defendant ARCADIA in accordance with the relevant clause of the charter party.

8. In breach of the charter party, Defendant ARCADIA has failed and otherwise refused to pay HYUNDAI for the additional war risk premium despite said sum being presently due and owing.

9. The charter party provides that all disputes arising thereunder are to be referred to arbitration in London with English law to apply. Plaintiff HYUNDAI specifically reserves its right to arbitrate the substantive matters at issue.

10. This action is brought to obtain jurisdiction over Defendant ARCADIA and to obtain security in favor of Plaintiff HYUNDAI in respect to its claims against Defendant ARCADIA and in aid of the London arbitration proceedings.

11. Upon information and belief, and after investigation, Defendant ARCADIA cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

12. As presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by HYUNDAI against ARCADIA includes:

(a) HYUNDAI's claim for unpaid additional war risk premium in the amount of $23,505.00;

(b) Interest in the amount of $3,499.47, calculated on the above sum at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law;

(c) Legal fees, arbitrator fees and costs that will be incurred by in respect to the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $10,000.00.

WHEREFORE, Plaintiff HYUNDAI MERCHANT MARINE CO. LTD. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $27,004.47, plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$37,004.47,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

    c.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 24, 2007

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> HYUNDAI MERCHANT MARINE CO. LTD.
>
> By: _____
> Michael E. Unger (MU 0045)
> Manuel A. Molina (MM 1017)
> 80 Pine Street
> New York, NY 10005
> (212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
24th day of April, 2007.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/282026.1                                6